UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AUDREY COOK | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| SIMM ASSOCIATES, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Audrey Cook, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Audrey Cook, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District. Additionally, Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Audrey Cook, is an adult natural person residing at 1803 Boat Point Drive, Pleasant, NJ 08742. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Simm Associates, Inc. ("Defendant"), at all times relevant hereto, is and was a Delaware corporation engaged in the business of collecting debt within the state of New Jersey, with its principal place of business located at 800 Pencader Drive, Newark DE 19702.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about August 14, 2010, Plaintiff began receiving calls from Defendant's agent, "Dawn Rocco", collecting on an alleged debt owed to Santander Consumer USA.

8. Plaintiff was informed by Defendant's agent, "Dawn Rocco", that she owed approximately $2,053.44 on this debt.

9. On or about August 23, 2010, Defendant's agent, "Dawn Rocco", sent the Plaintiff an e-mail offering a settlement amount of $1,027.00, that was to be paid in full by the end of August, 2010. **See Exhibit "A" (e-mail) attached hereto.**

10. Plaintiff responded to Defendant's agent, "Dawn Rocco", that she would be unable to pay the full amount by the end of the month.

11. Defendant and their agent continued to call and attempt to collect on the debt mentioned above.

12. During that same time, Plaintiff received a call from a past employer, Alex, who called to warn her that he had just received a call from an agent of the Defendant named "Dawn", who was looking for the whereabouts of the Plaintiff.

13. Alex went on to inform the Plaintiff that Defendant's agent, "Dawn", stated that the Defendant needed to find the Plaintiff because she owed on a debt.

14. Defendant's agent, "Dawn", stated that if they did not hear back from the Plaintiff that she would be sued.

15. Plaintiff called Defendant back immediately and asked them why they would call a past employer and tell them her personal information.

16. Defendant insisted that they could call anywhere to try and get in touch with the Plaintiff.

17. Defendant went on to threaten the Plaintiff that she would end up in court if she did not pay this debt immediately.

18. Plaintiff was instructed to resolve this situation before it ended up in litigation.

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants unlawful conduct.

20. As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

21. The Defendants conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

22. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692c(a)(1) | At any unusual time, unusual place, unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | | |
|---|---|---|
| | §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Simm Associates, Inc., for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: November 11, 2010   BY:   */s/ Bruce K. Warren*
Bruce K. Warren, Esquire

*/s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff